# Supreme Court of Florida

No. SC2024-0059

**IN RE: AMENDMENTS TO FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.420.**

February 8, 2024

PER CURIAM.

In response to recent legislation, The Florida Bar's Rules of General Practice and Judicial Administration Committee (Committee) has filed a "fast-track" report proposing an amendment to Florida Rule of General Practice and Judicial Administration 2.420 (Public Access to and Protection of Judicial Branch Records).[1] The Board of Governors of The Florida Bar unanimously approved the Committee's proposal. The Committee did not publish its proposal before filing it with the Court.

After considering the Committee's proposal and the relevant legislation, we add, as proposed by the Committee, subdivision (xxv)

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(e).

to rule 2.420(d)(1)(B), providing that petitions, pleadings, and related documents filed for human trafficking victim expunction under section 943.0583, Florida Statutes, must be maintained by the clerk of court as confidential information. The recent statutory change, effective July 1, 2023, provides that such filings are confidential and exempt from section 119.07, Florida Statutes, and article I, section 24(a) of the Florida Constitution. *See* ch. 2023-84, § 1, Laws of Fla.

In addition, as proposed by the Committee, revisions are made throughout the subject rule to simplify language consistent with *In re Guidelines for Rules Submissions*, Florida Administrative Order No. AOSC22-78 (Fla. Oct. 24, 2022).

Accordingly, the Florida Rules of General Practice and Judicial Administration are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to their

adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[2]

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

Kristin A. Norse, Chair, Rules of General Practice and Judicial Administration Committee, Tampa, Florida, Joshua E. Doyle,

---

2. All comments must be filed with the Court on or before April 23, 2024, with a certificate of service verifying that a copy has been served on the Committee Chair, Kristin Ann Norse, Kynes, Markman & Felman, P.A., P.O. Box 3396, Tampa, Florida 33601-3396, knorse@kmf-law.com, and on the Bar Staff Liaison to the Committee, Kelly Noel Smith, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, rules@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until May 14, 2024, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly Noel Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**APPENDIX**

**RULE 2.420.  PUBLIC ACCESS TO AND PROTECTION OF JUDICIAL BRANCH RECORDS**

**(a)-(b)**     [no change]

**(c)    Confidential and Exempt Records.**

(1)-(8)  [no change]

(9)    Any court record determined to be confidential in case decision or court rule on the grounds that:

(A)    [no change]

(B)    the degree, duration, and manner of confidentiality ordered by the court shallmust be no broader than necessary to protect the interests set forth in subdivision (c)(9)(A); and

(C)    [no change]

(10)  [no change]

**(d)    Procedures for Determining Confidentiality of Court Records.**

(1)    Except as provided in this subdivision, the clerk of the court must designate and maintain the confidentiality of any information contained within a court record that is described in this subdivision.

(A)    The clerk of the court must maintain as confidential information described by any of subdivisions (c)(1) through (c)(6) of this rule;.

(B)    Except as provided by court order, the clerk of the court must maintain as confidential information subject to

subdivision (c)(7) or (c)(8) of this rule that is currently confidential or exempt from section 119.07, Florida Statutes, and article I, section 24(a) of the Florida Constitution as specifically stated in any of the following statutes or as they may be amended or renumbered:

(i)-(xxiv) [no change]

(xxv) Petitions, pleadings, and related documents for human trafficking victim expunction. § 943.0583(12)(a), Fla. Stat.

(C)    [no change]

(2)-(5)    [no change]

**(e)-(m)**   [no change]

### Committee Note & Court Commentary

[no change]

### Appendix to Rule 2.420

[no change]